TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Thomas Collins*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Collins,<br><br>            Plaintiff,<br><br>     vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company;<br>Equifax Information Services, LLC,<br>a Georgia corporation; and<br>Citizens Financial Group, Inc., d/b/a<br>CCO Mortgage,<br>a foreign corporation,<br><br>            Defendants. | Case No.: 15-CV<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, THOMAS COLLINS, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC, ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona; and

c. Citizens Financial Group, Inc. d/b/a CCO Mortgage ("CCO"), which is a foreign company that, upon information and belief, maintains offices in Pennsylvania.

## GENERAL ALLEGATIONS

6. CCO has misreported its trade line with account number 293890031**** ("Errant Trade Line") on Plaintiff's Equifax and Trans Union credit files with an erroneous balance of $61,901.00 and past due balance of $23,177.00. In addition, CCO has reported the Errant Trade Line with erroneous "charged-off" language. The Errant Trade Line relates to Plaintiff's second mortgage.

7. In 2012, Plaintiff's property, which is the subject of the Errant Trade Line, was foreclosed upon in Arizona. Under Arizona's Anti-Deficiency Law, Plaintiff does not owe any balance on this trade line.

8. On or about January 17, 2013, Plaintiff's foreclosed property was sold via public auction.

9. In approximately April or May 2015, Mr. Collins obtained his Trans Union and Experian credit files and discovered the Errant Trade Line.

10. In June 2015, Mr. Collins submitted a letter to Trans Union and Equifax, disputing the balance, past due amount, and "charged-off" language on the Errant Trade Line.

11. Upon information and belief, Defendants Trans Union and Equifax forwarded Mr. Collins' dispute to Defendant CCO.

12. On or about July 2, 2015, Mr. Collins received Trans Union's investigation results, which showed that CCO retained the balance, past due amount, and "charged-off" language on the Errant Trade Line.

13. On or about July 2, 2015, Mr. Collins received Equifax's results of the investigation, which also showed that CCO retained the balance, past due amount, and "charged-off" language on the Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCO

14. Plaintiff re-alleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax and Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Line, CCO negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

16. CCO negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union

4

and Equifax to remove the balance, past due amount, and "charged-off" language from the Errant Trade Line from Mr. Collins' consumer credit report.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Collins' consumer credit file with Trans Union and Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of CCO's negligent failure to perform its duties under the FCRA, Mr. Collins has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. CCO is liable to Mr. Collins by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Collins has a private right of action to assert claims against CCO arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against CCO for damages, costs, interest, and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCO MORTGAGE CORP

21. Plaintiff re-alleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union and Equifax that Mr. Collins disputed the accuracy of the information it was providing, CCO willfully failed to conduct a proper reinvestigation of Mr. Collins' dispute.

23. CCO willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of CCO's willful failure to perform its respective duties under the FCRA, Mr. Collins has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. CCO is liable to Mr. Collins for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against CCO for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

26. Plaintiff re-alleges the above paragraphs as if recited verbatim.

27. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Collins as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Collins that was false, misleading, and inaccurate.

29. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Collins, in violation of 15 USC 1681e(b).

30. After receiving Mr. Collins' consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Collins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Trans Union is liable to Mr. Collins by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

33. Plaintiff re-alleges the above paragraphs as if recited verbatim.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Collins as that term is defined in 15 USC 1681a.

35. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Collins, in violation of 15 USC 1681e(b).

37. After receiving Mr. Collins' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Collins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Trans Union is liable to Mr. Collins by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Collins as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Collins that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Collins, in violation of 15 USC 1681e(b).

9

...

44. After receiving Mr. Collins' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Collins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mr. Collins by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff re-alleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Collins as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Collins that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Collins, in violation of 15 USC 1681e(b).

51. After receiving the Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Collins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Mr. Collins by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 17, 2015	KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Thomas Collins